IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA MCINTYRE,** | : | **CIVIL ACTION** |
| on behalf of herself and all others | : | |
| similarly situated, | : | |
| *Plaintiff,* | : | |
| v. | : | No. 18-3934 |
| | : | |
| **REALPAGE, INC., d/b/a ON-SITE,** | : | |
| *Defendant.* | : | |

## ORDER CERTIFYING CLASS

**AND NOW**, this 25th day of August 2020, upon consideration of Plaintiff's Motion for Class Certification (ECF No. 41), Defendant's Response in Opposition (ECF No. 51), Plaintiff's Reply (ECF No. 56), and for the findings and reasons herein and in the accompanying Memorandum Opinion (collectively, the "Order"), it is hereby **ORDERED** that Plaintiff's Motion (ECF No. 41) is **GRANTED**:

1. The Court certifies this action to proceed as a class action in accordance with Federal Rule of Civil Procedure 23(a) and (b)(3) for violations of section 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, on behalf of the Class defined as:

> For the period beginning two (2) years prior to the filing of the Class Action Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories who were (a) the subject of a tenant screening report prepared by Defendant that (b) contained information about an eviction proceeding, but which (c) failed to state that the eviction proceeding had been withdrawn, dismissed, vacated, satisfied or otherwise resulted in a favorable disposition or had no judicial finding against the consumer who was the subject of a tenant screening report, as

that eviction proceeding is reflected in court records publicly available at the time of Defendant's tenant screening report.

2. The Class is so numerous that joinder of all members is impracticable.

3. There are questions of law and fact common to the Class including (1) whether Defendant violated FCRA section 1681e(b) by failing to maintain reasonable procedures to assure the maximum possible accuracy of information included in consumer reports it prepared about class members; (2) whether Defendant acted willfully; and (3) the quantum of statutory damages for the violation(s).

4. Plaintiff's claim is typical of the Class and the damages sought.

5. Plaintiff and her counsel will fairly and adequately represent the interests of the Class.  Plaintiff has no interests that appear antagonistic to the Class and Class Counsel has shown to be experienced and competent in consumer class litigation.

6. Common issues predominate over any questions affecting only individual Class members and the questions common to the class are capable of common proof at trial in this FCRA class action seeking only statutory damages.

7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy that seeks modest statutory damages.

8. Plaintiff, Patricia McIntyre, is certified as Class Representative.

9. Plaintiff's counsel, Francis Mailman Soumilas, P.C., is certified as Class Counsel.

10. Plaintiff shall submit a proposed form of class notification to the Court for review and approval within thirty (30) days of this Order;

11. Defendant shall produce a class list to Plaintiff's counsel within fourteen (14) days of this Order.

12. Following an Order approving and directing notice to the Class, the Court will issue an amended scheduling order.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**