IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA MCINTYRE,** *on behalf of herself and all others similarly situated,* *Plaintiff*, | : : : : | CIVIL ACTION |
| v. | : : | |
| **REALPAGE, INC., d/b/a ON-SITE,** *Defendant*. | : : | NO. 18-cv-03934 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                October 21, 2021

Defendant seeks reconsideration of the Court's order certifying the Class following the Supreme Court opinion in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). Because the Court finds that *Ramirez* does not change the Court's analysis regarding certification, the motion for reconsideration is denied.

**I.        PROCEDURAL HISTORY**

In 2020, this Court granted Plaintiff's motion for certification of the class, holding that the class was sufficiently numerous, had common questions of law and fact, that Plaintiff's claims are typical of the Class, and that the Class would be fairly and adequately represented. ECF No. 64. This Court defined the Class as follows: "For the period beginning two (2) years prior to the filing of the Class Action Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories who were (a) the subject of a tenant screening report prepared by Defendant that (b) contained information about an eviction proceeding, but which (c) failed to state that the eviction proceeding had been

withdrawn, dismissed, vacated, satisfied or otherwise resulted in a favorable disposition or had no judicial finding against the consumer who was the subject of a tenant screening report, as that eviction proceeding is reflected in court records publicly available at the time of Defendant's tenant screening report." ECF No. 64.

After this Court issued the order, Defendant filed a Rule 23(f) petition for interlocutory review, which the Third Circuit Court of Appeals denied. *McIntyre v. Realpage Inc.*, 20-8035, Order, ECF No. 15-1 (3d Cir. Nov. 12, 2020). When the Supreme Court granted in part the petition for writ of certiorari in *Ramirez*, the parties stipulated to a stay of this case pending the Supreme Court's decision. ECF No. 80. Following the Supreme Court decision in *Ramirez*, Defendant filed a motion for reconsideration, seeking decertification of the Class. ECF No. 90. Plaintiffs filed a response. ECF No. 93. Defendant filed a reply. ECF No. 94.

## II.    STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). "The scope of a motion for reconsideration … is extremely limited," and such motions "are not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *MMG Insurance Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. Pa. 2020).

## III.   TRANSUNION V. RAMIREZ

Defendant seeks reconsideration of this Court's order certifying the class, arguing that the decision in *TransUnion v. Ramirez* is an intervening change in controlling law. In *Ramirez*, the Supreme Court considered the standing of individuals who had been incorrectly labeled as potential terrorists by TransUnion. For the majority of the *Ramirez* class, the Court held that the

class members failed to present evidence of injury and lacked standing. 141 S. Ct. 2190, 2210-12 (2021). But for approximately one-fourth of the class, those whom TransUnion had disseminated misleading information to third parties, the Court held that the class members had standing. *Id.* at 2208-09. The Court found that the harm from publishing the misleading information to third parties "bears a sufficiently close relationship to the harm from a false and defamatory statement," and is a concrete harm establishing Article III standing. *Id*. Thus, *Ramirez* clarifies the type of injury that confers standing for violations of 15 U.S.C. § 1681e(b), and reiterates that "[e]very class member must have Article III standing in order to recover individual damages." *Id.* at 2208. *Ramirez* also confirms that "[a] plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). *Ramirez* did not "address the distinct question whether every class member must demonstrate standing *before* a court certifies a class." 141 S. Ct. at 2208 n.4.

## IV.  DISCUSSION

Defendant contends that the Class must be decertified because the Class includes persons who did not have their information disseminated to third parties and includes persons whose screening reports did not contain any inaccurate information. According to Defendant, these flaws produce a class that would not have standing under *Ramirez*. Defendant also argues that the process to identify individuals for whom TransUnion disseminated a misleading report to a third party would be a highly individualized inquiry not suitable for a class action.

Again, the Court defined the Class as follows: "For the period beginning two (2) years prior to the filing of the Class Action Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories who were (a) *the subject*

*of a tenant screening report prepared by Defendant* that (b) contained information about an eviction proceeding, but which (c) failed to state that the eviction proceeding had been withdrawn, dismissed, vacated, satisfied or otherwise resulted in a favorable disposition or had no judicial finding against the consumer who was the subject of a tenant screening report, *as that eviction proceeding is reflected in court records publicly available at the time of Defendant's tenant screening report*." ECF No. 64 (emphasis added).

In effect, Defendant asks this Court to ignore the class definition that this Court certified. By definition, individuals who did not have a tenant screening report prepared are not members of the Class. Similarly, Defendant's assertion that the class could include individuals whose tenant screening reports were accurate at the time they were published is directly refuted by the class definition. Such persons are disqualified from class membership. The Class as defined and certified will conform to *Ramirez*'s requirement that "[e]very class member must have Article III standing in order to recover individual damages." 141 S. Ct. at 2208.

Similarly, to the degree that standing is required at the class certification stage, Plaintiff has carried her burden. *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 359 (3d Cir. 2015). In her motion for class certification, Plaintiff demonstrated that in 2017 Defendant produced a tenant screening report for a landlord, and this report contained inaccurate or misleading eviction proceeding information that could have been corrected by court records publicly available at the time. ECF No. 41-1 at 9-12; ECF No. 64 at 4-9. Plaintiff has alleged publication of misleading information, a harm that "bears a sufficiently close relationship to the harm from a false and defamatory statement." 141 S. Ct. at 2208-09. This is enough for standing.

Defendant also argues that determining whether Defendant published inaccurate or misleading information about a class member would require a highly individualized undertaking that renders the Class incapable of certification. Here, Defendant repeats arguments that the Court has already rejected. When this Court granted certification based on the class definition, it found that individuals meeting that class definition were "readily ascertainable based on objective criteria." ECF No. 63 at 38. In the August 25, 2020 memorandum, this Court determined that Plaintiff had demonstrated by a preponderance of evidence that class members can be identified and noticed. *Id.* at 19-20. Regarding predominance, this Court concluded that Plaintiff's case poses common questions capable of classwide resolution. *Id.* at 27-34. Defendant's attempt to relitigate issues and arguments already decided must be rejected. "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *MMG Insurance Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. Pa. 2020).

Finally, Defendant insists that "there is no way to determine from RP On-Site's and LeasingDesk's dispute files or business records … the fact of any prior publication of the disputed information," ECF No. 90-1 at 2, yet Defendant has already provided some of this information to Plaintiff and admits that actual reporting data is available. ECF No. 63 at 10 (referencing spreadsheet recording 904 times that Defendant reported eviction proceeding information); ECF No. 90-1 at 14 (table combining information regarding disputes, court records, and the date of the corresponding tenant screening report); ECF No. 94 at 11 (referring to Defendant's reporting data). Defendant contradicts itself insofar as it relies on its records to disqualify individuals from the Class yet insists that the parties would be unable to use those same records to ascertain a class.

## V.  CONCLUSION

Because Defendant fails to show why *TransUnion v. Ramirez* requires decertification of the Class, Defendant's motion for reconsideration is DENIED. An appropriate order follows.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**