UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MCINTYRE, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>REALPAGE, INC., d/b/a On-Site,<br><br>    *Defendant*. | Civil Action No. 2:18-CV-03934-CFK |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A SERVICE AWARD TO PLAINTIFF AND FOR AN AWARD OF ATTORNEYS' FEES, AND <u>REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ......................................................................................................1

II.  NATURE OF THE CASE AND PROCEDURAL HISTORY...........................................2

III. ARGUMENT ...............................................................................................................5

  A.   Approval of a Service Award for Plaintiff Is Appropriate ......................................5

  B.   Class Counsel's Fee Request Is Reasonable ...........................................................6

    1.   Percentage of Recovery .................................................................................7

    2.   Lodestar Cross Check ...................................................................................9

  C.   Class Counsel's Expenses Are Reasonable and Should Be Reimbursed ...............13

IV.  CONCLUSION..........................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

### CASES

*In re Aetna Inc.*,
  2001 WL 20928 (E.D. Pa. Jan. 4, 2001)..................................................................................13

*In re AT&T Corp.*,
  455 F.3d 160 (3d Cir. 2006)....................................................................................................10

*Barel v. Bank of Am.*,
  255 F.R.D. 393 (E.D. Pa. 2009)........................................................................................11, 13

*In re Cendant Corp. PRIDES Litig.*,
  243 F.3d 722 (3d Cir. 2001)..............................................................................................10, 13

*Chakejian v. Equifax Info. Servs.*,
  LLC, 275 F.R.D. 201 (E.D. Pa. 2011) ....................................................................................11

*Chesemore v. All. Holdings, Inc.*,
  2014 WL 4415919 (W.D. Wis. Sept. 5, 2014), *aff'd sub nom.
  Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016)...............................................................8

*In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*,
  333 F.R.D. 364 (E.D. Pa. 2019)................................................................................................7

*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998) ..................................................................................................5

*Crosby v. Core-Mark Distributors, Inc.*,
  No. 1:15-cv-04198-SCJ-JFK, ECF 47 (N.D. Ga. Apr. 16, 2018)..............................................9

*Deaton v. Trans Union LLC*,
  No. 2:20-cv-01380-AB, ECF 36 (E.D. Pa. Mar. 24, 2022) ......................................................6

*Flores v. Express Services Inc.*,
  2017 WL 1177098 (E.D. Pa. Mar. 29, 2017).........................................................8, 9, 11, 13

*Giddiens v. Infinity Staffing Sols., Inc.*,
  2:13-cv-07115-LDD, ECF 37 (E.D. Pa. Aug. 21, 2015) ..........................................................9

*Giddiens v. LexisNexis Risk Solutions, Inc.*,
  C.A. No. 12-2624, ECF 55 (E.D. Pa. Jan. 20, 2015) ................................................................6

*Giddiens v. LexisNexis Risk Solutions, Inc.*,
  No. 2:12-cv-2624 (ECF 56) (E.D. Pa. Jan. 20, 2015) ............................................................11

*Grove v. Wells Fargo Fin. California, Inc.*,
    606 F.3d 577 (9th Cir. 2010) ..................................................................................................13

*Halley v. Honeywell Int'l, Inc.*,
    861 F.3d 481 (3d Cir. 2017)............................................................................................7, 8, 9

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................................................................12

*King v. General Info. Servs., Inc.*,
    No. 2:10-cv-06850-PBT, ECF 126 (E.D. Pa. Nov. 4, 2014) ...................................................11

*Leo v. AppFolio, Inc*,
    No. 3:17-cv-05771-RJB (W.D. Wash.) ....................................................................................9

*Martin v. Foster Wheeler Energy*
    2008 WL 906472 (M.D. Pa. Mar. 31, 2008).............................................................................12

*Meijer, Inc. v. 3M*,
    2006 WL 2382718 (E.D. Pa. Aug. 14, 2006) ...........................................................................13

*Moore v. GMAC Mortg.*,
    2014 WL 12538188 (E.D. Pa. Sept. 19, 2014) ....................................................................7, 10

*Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd. Co.*,
    2014 WL 12778314 (E.D. Pa. Sept. 15, 2014) ..........................................................................7

*O'Keefe v. Mercedes-Benz USA, LLC*,
    214 F.R.D. 266 (E.D. Pa. 2003).................................................................................................10

*Pfeifer v. Wawa, Inc.*,
    2018 WL 4203880 (E.D. Pa. Aug. 31, 2018) ......................................................................7, 12

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
    148 F.3d 283 (3d Cir. 1998)..................................................................................................6, 9

*In re Ravisent Techs., Inc. Sec. Litig.*,
    2005 WL 906361 (E.D. Pa. Apr. 18, 2005) ...............................................................................8

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005)................................................................................................7, 10

*Robinson v. General Info. Servs., Inc.*,
    No. 2:11-cv-07782-PBT, ECF 55 (E.D. Pa. Nov. 4, 2014) ................................................6, 11

*Robinson v. National Student Clearinghouse*,
    No. 1:19-cv-10749-FDS, ECF 42 (D. Mass. July 8, 2020) ......................................................6

*Rode v. Dellarciprete*,
     892 F.2d 1177 (3d Cir. 1990) .................................................................................. 12

*Rodriguez v. Calvin Klein Inc, et. al*,
     No. 1:15-cv-2590-JSR, ECF 33 (S.D.N.Y. Mar. 21, 2016) ........................................ 6

*Rossini v. PNC Fin. Servs. Grp., Inc.*,
     2020 WL 3481458 (W.D. Pa. June 26, 2020) ............................................................ 8

*Sapp v. Experian Info. Sols., Inc.*,
     2013 WL 2130956 (E.D. Pa. May 15, 2013) ........................................................ 5, 11

*Smith v. Dominion Bridge Corp.*,
     2007 WL 1101272 (E.D. Pa. Apr. 11, 2007) .............................................................. 8

*Stevens v. SEI Investments Co.*,
     2020 WL 996418 (E.D. Pa. Feb. 28, 2020) ......................................................... 10, 12

*Stewart v. LexisNexis, et al.*,
     No. 3:20-cv-00903-JAG, ECF 91 (E.D. Va. July 27, 2022) ....................................... 5

*Sullivan v. DB Inv. Inc.*,
     667 F.3d 273 (3d Cir. 2011) ........................................................................................ 9

*Wills v. Starbucks Corp.*,
     No. 1:17-cv-03654-CAP, ECF 58 (N.D. Ga. July 16, 2020) ...................................... 6

**STATUTES**

Fair Credit Reporting Act (FCRA), 15 U.S.C. §§1681-1681x ............................... *passim*

     15 U.S.C. §1681b(b)(2) ............................................................................................... 9

     15 U.S.C. §1681b(b)(3) ............................................................................................... 9

     15 U.S.C. §1681n .......................................................................................................... 6

     15 U.S.C. §1681o .......................................................................................................... 6

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 23(h) ................................................................... 6

#### I.     INTRODUCTION

Plaintiff Patricia McIntyre ("Plaintiff" or "Class Representative") respectfully requests that the Court enter an order approving her class action service award and awarding Class Counsel their reasonable attorneys' fees and expenses in keeping with the parties' class action settlement agreement. *See* ECF 147-2 at § 5.3. This is an uncontested motion. *Id.*

This Court need not act on this motion until the final approval hearing set in this matter for March 20, 2023 at 8:30 am. ECF 152. In advance of that final approval hearing, and pursuant to the parties' agreement, *see* ECF 147-2 at 56-57, ¶ 15, and as is customary, Plaintiff also anticipates filing a separate motion in support of final approval, setting forth the bases why this Court should find the settlement here fair, reasonable, and adequate under Third Circuit standards. That final motion in this case is expected to be filed 21 days before the final approval hearing, *id.*, or by February 27, 2023.

Following a telephone hearing with Magistrate Judge Wells, the court preliminarily approved this settlement and ordered that notice of the nationwide class be directed to the settlement class members on December 16, 2022, ECF 151, and set a final approval hearing (sometimes alternatively called a "fairness hearing") for March 20, 2023. *See* ECF 152 (adopting Magistrate Judge Wells's Order and setting a final approval hearing date of March 20, 2023). The class administrator has provided notice in accordance with this Court's Order.

Plaintiff's request here for a class action service award is reasonable, in line with service awards in comparative cases, has been disclosed to the class, is not the subject of any objection to date, and should thus be approved. *See* Barkan Declaration, attached hereto.

Pursuant to the Court's Order, Class Counsel now also move for an award of attorneys' fees and reimbursement of litigation costs and expenses as provided by the agreement, ECF 147-2,

§ 5.3. The case has been hard-fought for over four (4) years, including over 20 motions resolved by this Court, over 20 depositions taken, an interlocutory appeal by Defendant (which the Third Circuit declined to take), and a run-up to trial which included several expert reports, before the case was ultimately settled at a private mediation. The amount Class Counsel seeks is reasonable under this Circuit's precedents, to date is without objection, *id.*, and should be approved.[1]

In support of this motion, Class Counsel rely upon the declaration of Frank Barkan, the class administrator, and the declaration of Class Counsel John Soumilas, which summarizes Class Counsel's experience and their time and expense records in this matter, as well as the expert report of Abraham Reich of the Fox Rothchild law firm (attached to the Soumilas Declaration as Ex. B thereto), whose report provides support for Class Counsel's hourly rates; as well as other exhibits and expense records attached to the Soumilas Declaration.

This motion should be grated in its entirely at the March 20, 2023 final approval hearing.

## II.     NATURE OF THE CASE AND PROCEDURAL HISTORY

This class action involves the reporting of stale eviction records by Defendant RealPage, Inc. about tenant applicants to landlords and property managers. It demonstrates how for Class Representative Patricia McIntyre and for thousands of other tenant applicants across the country Defendant failed to "assure" the "maximum possible accuracy" of its reporting of eviction proceedings, as required by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§1681-1681x, at section 1681e(b), as numerous such records were stale and/or outdated and nevertheless reported. *See also* ECF 41-1 (Memorandum of Law in Support of Plaintiff's Motion for Class Certification).

In McIntyre's case, Defendant reported three eviction cases from Philadelphia. One eviction had been voluntarily withdrawn, a second vacated and dismissed, and a third was satisfied

---

[1] Should any class member make a timely objection after this filing, such an objection will addressed, as may be appropriate, at the final approval hearing.

2

according to Pennsylvania court records that were publicly available years before Defendant prepared its report.

Class discovery revealed thousands of additional consumers who disputed Defendant's reporting of eviction records about them and for whom Defendant needed to correct all or part of its reporting of the eviction record(s) at issue, generally after consulting the actual court records. Discovery was prolonged and contentious. *See generally* Soumilas Decl. at ¶¶ 13, 14. It involved extensive written discovery with thousands of records considered, over 20 depositions, over 20 motions in total, an interlocutory appeal, and expert discovery. *Id.*

A settlement was reached after a private mediation on June 22, 2022. The settlement Class comprises 11,823 individuals that meet the definition of the class that this Court certified on August 25, 2020 on contest. ECF 64.

The Settlement Agreement requires Defendant to institute certain practice changes to increase the accuracy and timeliness of records of Eviction Proceedings it includes in reports about consumers. *See* ECF 147-2 at § 4.2.1, Ex. A (Class Injunctive Relief Order).[2]

First, Defendant will cease reporting records of Eviction Proceedings that, after fourteen months from the date of the case filing, do not contain any information about the disposition of the action. ECF 147-2 at § 4.2.1.1. That is, the longest period in which Defendant will include records of the filing of Eviction Proceedings in its reports is 14 months from the date of filing if Defendant receives no updates from its vendor(s) of Eviction Proceeding information concerning the post-filing disposition of the Eviction Proceeding.

Second, Defendant shall generate monthly reports regarding the volume of disputes regarding Eviction Proceedings received from consumers and, so armed, take commercially

---

[2]  Capitalized terms herein have the same definition as the Settlement Agreement.

reasonable action to address any identified trends or systemic issues regarding the accuracy of the records of Eviction Proceedings so identified. *Id*. at § 4.2.1.2.

Further, Defendant will communicate with its vendor(s) of records of Eviction Proceedings regarding the volume of those disputes that implicate the data of Eviction Proceedings provided to Defendant by the vendor(s). *Id*.

Defendant shall maintain the above-described practice changes for a period beginning sixty (60) days after the Effective Date and continuing for two (2) years thereafter. *Id.* at § 4.2.1.3.

The above-described practice changes are new to Defendant, which, prior to entering into the Settlement Agreement, reported the filing of Eviction Proceedings for the longest period allowed by the FCRA irrespective of the amount of time that had passed without receiving a disposition update from its vendor(s) and did not communicate the volume of disputes of Eviction Proceedings it received to its vendor(s).

The Settlement Agreement also creates a Settlement Fund of six million three hundred fifty thousand dollars ($6,350,000.00) that includes attorneys' fees and costs, a service award, and class notice and administration expenses, and aa *pro rata* distribution to class members. *Id*. at §§ 2.27, 4.2.2, 5.1, 4.2.2.1, 5.3.1. If the Court grants Class Counsel's anticipated requests for those items in full and every Class Member cashes his or her check or claims his or her settlement distribution electronically, Class Counsel estimates that each Class Member will net more than three hundred dollars ($300.00).

In the event that some Class Members fail to cash their checks or claim their distribution electronically before the expiration of 60 days after the date of issuance by the Settlement Administrator, the Settlement Administrator shall automatically distribute any money remaining in the Settlement Fund *pro rata* to Class Members who cashed their check if the amount of such

4

check would be at least twenty-five dollars ($25.00).

Only after this second distribution would the Settlement Administrator make any distribution to the proposed *cy pres* recipient, Tenant Union Representative Network, a Philadelphia-based non-profit organization. *Id*. at § 5.3.1. As noted above, and in advance of the final approval hearing in this matter, Plaintiff will submit a separate motion explaining why the settlement here is fair, reasonable, and adequate, and should be finally approved.

### III.  ARGUMENT

**A.  Approval of a Service Award for Plaintiff Is Appropriate**

This Court should approve a service award of $10,000 for Class Representative McIntyre in recognition of her service to the class. Service awards to class representatives are routinely awarded within this Circuit, including in FCRA class actions. *See Sapp v. Experian Info. Sols., Inc.*, No. 10-cv-4312, 2013 WL 2130956, at *3 (E.D. Pa. May 15, 2013) (awarding $15,000 to class representative in FCRA settlement). Factors relevant to a service award include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Here, a service award of $10,000, which neither Defendant nor any class member opposes, is reasonable upon consideration of Plaintiff's substantial participation in this litigation. Plaintiff assisted Class Counsel with the preparation of the complaint, in responding to Defendant's written discovery and document requests, by preparing for and appearing for her lengthy deposition, by continuously communicating with Class Counsel throughout the prosecution of this matter, and by conferring with Class Counsel regarding the terms of the settlement reached with Defendant. Courts routinely approve service awards in similar FCRA class action matters. *See, e.g.*, *Stewart v. LexisNexis, et al.*, No. 3:20-cv-00903-JAG, ECF 91 at 4, ¶ 12 (E.D. Va. July 27, 2022)

(approving service awards of $10,000 each for two class representatives); *Deaton v. Trans Union LLC*, No. 2:20-cv-01380-AB, ECF 36 (E.D. Pa. Mar. 24, 2022) (approving service award of $9,500); *Robinson v. National Student Clearinghouse*, No. 1:19-cv-10749-FDS, ECF 42 at 5, ¶ 15 (D. Mass. July 8, 2020) (approving service award of $7,500 to class representative who was not deposed); *Wills v. Starbucks Corp.*, No. 1:17-cv-03654-CAP, ECF 58 at 2 (N.D. Ga. July 16, 2020) (approving service awards of $10,000 each for two class representatives, one of whom was deposed); *Rodriguez v. Calvin Klein Inc, et. al*, No. 1:15-cv-2590-JSR, ECF 33 (S.D.N.Y. Mar. 21, 2016) (final approval order awarding $15,000 to class representative); *Giddiens v. LexisNexis Risk Solutions, Inc.*, C.A. No. 12-2624, ECF 55 at ¶ I (E.D. Pa. Jan. 20, 2015) (approving service award of $10,000); *Robinson v. General Info. Servs., Inc.*, No. 2:11-cv-07782-PBT, ECF 55 (E.D. Pa. Nov. 4, 2014) (final approval order awarding $10,000 individual settlement to class representative).

A $10,000 service award to Class Representative McIntyre, who has fulfilled her duties to the Class, is eminently appropriate here.

**B.     Class Counsel's Fee Request Is Reasonable**

Rule 23(h) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). The FCRA authorizes the award of attorneys' fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o. Also, the parties' agreement provides for an award of attorneys' fees incurred by Class Counsel in conjunction with its representation of the class. ECF 147-2 at § 5.3.

"A thorough judicial review of fee applications is required for all class action settlements." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998) (quoting *In re General Motors Corp. Pick–Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768,

6

782 (3d Cir. 1995)); *see also In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*, 333 F.R.D. 364, 385 (E.D. Pa. 2019) (same).

1. *Percentage of Recovery*

"Common fund cases [like the one at bar] are generally evaluated using a 'percentage-of-recovery' approach, followed by a lodestar cross-check. The percentage-of-recovery approach compares the amount of attorneys' fees sought to the total size of the fund." *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citation omitted); *Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005); *see also Moore v. GMAC Mortg.*, No. 07-4296, 2014 WL 12538188, at *1 (E.D. Pa. Sept. 19, 2014) (Diamond, J.) ("In common fund cases, the Third Circuit favors the percentage-of-recovery method over the lodestar approach."); *Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd. Co.*, No. 12-3824, 2014 WL 12778314, at *7 (E.D. Pa. Sept. 15, 2014) ("The 'percentage-of-the-fund' method is an appropriate method for calculating attorneys' fees in complex, common-fund class actions").

The Third Circuit has "identified several factors to consider in determining whether attorneys' fees are reasonable under the percentage-of-recovery approach," including:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases, and (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement.

*Halley*, 861 F.3d at 496 (quotations and citations omitted); *Pfeifer v. Wawa, Inc.*, CV 16-497, 2018 WL 4203880, at *13 (E.D. Pa. Aug. 31, 2018) (quoting *In re Diet Drugs*, 582 F.3d 524, 541 (3d Cir. 2009) (same factors).

Here, the case settled for a common fund of $6,350,000.00. Class Counsel requests an award of $2,116,666.67, or approximately one-third (1/3) of the common fund created by the parties' settlement, for their representation of the Class. *See* ECF 147-2 at § 5.3. This sum is reimbursement for both fees and costs. *Id.* Defendant does not oppose this request and neither does any class member to date. A slightly less than one-third fee, like the one requested here, is reasonable in this case.

"[A"] percentage award of 33.3% falls squarely within the range of awards found to be reasonable by the courts." *Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 2:18-CV-1370, 2020 WL 3481458, at *19 (W.D. Pa. June 26, 2020); *In re Ravisent Techs., Inc. Sec. Litig.*, No. 00-CV-1014, 2005 WL 906361, at *11 (E.D. Pa. Apr. 18, 2005) ("[C]ourts within this Circuit have typically awarded attorneys' fees of 30% to 35% of the recovery, plus expenses."); *Smith v. Dominion Bridge Corp.*, No. 96-cv-7580, 2007 WL 1101272, at *9 (E.D. Pa. Apr. 11, 2007) (awarding one-third of common fund); *see also Flores v. Express Services Inc.*, 2017 WL 1177098 (E.D. Pa. Mar. 29, 2017) (Bartle, J.) (granting fee equal to 32.96% of the total common fund in FCRA class settlement).[3]

Evaluating the factors outlined by the Third Circuit, *see, e.g.*, *Halley*, 861 F.3d at 496, Class Counsel's requested fee award is reasonable in light of the result obtained for the class and the risks of nonpayment assumed by Class Counsel when they initiated this litigation more than four years ago. First, this case benefits well over 11,000 class members and creates a fund $6,350,000. Second, there have been no objection by any class member to date. *See* Barkan Decl. at ¶ 15. Third, Class Counsel are experienced and have successfully prosecuted this case and

---

[3] The 1/3 standard is also accepted in other circuits. *See Chesemore v. All. Holdings, Inc.*, No. 09-CV-413, 2014 WL 4415919, at *7 (W.D. Wis. Sept. 5, 2014) (awarding 35% of common fund), *aff'd sub nom. Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016).

similar consumer protection cases, *see* Soumilas Decl. at Ex. A. Fourth, the case lasted well over four years and involved a high level of complexity typical of FCRA class actions. Fifth, Class Counsel worked on a contingency fee basis and the ran a high risk of nonpayment. Sixth, this risk was substantial given that Class Counsel devoted over 3,000 attorney and paralegal hours to this case. *See* Soumilas Decl. at ¶¶ 14, 18. Seventh, the $300 per class member recovery is similar to other FCRA class cases, which are typically prosecuted for a statutory damages recovery that caps at $1,000 per consumer.[4] Eighth, Class Counsel secured one of the largest recoveries against this Defendant for inaccurate tenant screening reports, more than twice the amount of the largest known government or agency settlement for similar conduct.[5] Ninth, a one-third contingency fee is standard in Pennsylvania. And finally, the settlement includes meaningful injunctive relief even though whether private parties may obtain an injunction in FCRA litigation it is less than well-established. In sum, an analysis of the *Halley* factors established that the fee sought by Class Counsel here is reasonable.

2.  *Lodestar Cross Check*

Furthermore, courts may award attorneys' fees through the lodestar method – multiplying "the number of hours class counsel worked on a case by a reasonable hourly billing rate for such services." *Sullivan v. DB Inv. Inc.*, 667 F.3d 273, 330 (3d Cir. 2011) (citation omitted). Where the litigation creates a common fund, such as this case, however, the lodestar is a "cross-check of the

---

[4] *See, e.g., Flores v. Express Services Inc.*, 2017 WL 1177098 (E.D. Pa. Mar. 29, 2017) (Bartle, J.) ($50 automatic award for class members not filing an actual damages claim); *Leo v. AppFolio, Inc*, No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF 62 p. 7 ($425 for successful claimants); *Giddiens v. Infinity Staffing Sols., Inc.*, 2:13-cv-07115-LDD, ECF 37 (E.D. Pa. Aug. 21, 2015) (granting final approval of settlement providing $110 for each member of an FCRA section 1681b(b)(2) class); *Crosby v. Core-Mark Distributors, Inc*., No. 1:15-cv-04198-SCJ-JFK, ECF 47 (N.D. Ga. Apr. 16, 2018) ($300 to each class members with claims under both FCRA section 1681b(b)(2), and 1681b(b)(3)).

[5] *See* https://www.ftc.gov/legal-library/browse/cases-proceedings/152-3059-realpage-inc ("Texas Company Will Pay $3 million to Settle FTC Charges That it Failed to Meet Accuracy Requirements for its Tenant Screening Reports").

9

court's primary fee calculation using the percentage-of-recovery methodology." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 343 (3d Cir. 1998).

Because the lodestar cross check calculation serves only as a verification of the primary calculation, it "need entail neither mathematical precision nor bean-counting." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305-06 (3d Cir. 2005) (approving as "proper" an "abridged lodestar analysis" as cross-check for percentage-of-recovery calculation); *see also Stevens v. SEI Investments Co.*, No. CV 18-4205, 2020 WL 996418, at *12 (E.D. Pa. Feb. 28, 2020) ("The Court need not receive or review actual billing records when conducting [a lodestar cross-check] analysis"); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 310 (E.D. Pa. 2003) (lodestar crosscheck "only meant to be a cursory overview"). The lodestar cross-check is "suggested," but not mandatory. *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 735 (3d Cir. 2001); *Moore v. GMAC Mortg.*, No. 07-4296, 2014 WL 12538188, at *2 (E.D. Pa. Sept. 19, 2014) (same). "The lodestar cross-check, while useful, should not displace a district court's primary reliance on the percentage-of-recovery method." *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006).

Here, the lodestar cross-check confirms that Plaintiff's fee request is reasonable. As discussed in detail below, the total loadstar here is $1,714,070.00, accounting for over 3,080 attorney and paralegal hours. Soumilas Decl. at ¶¶ 13-22. The lodestar cross check, therefore, yields a multiplier of 1.23, well within the acceptable range within the Third Circuit. This sum includes over $60,000 in costs, *id.*, which, if taken into consideration, makes the multiplier even smaller, approximately 1.19, clearly within the reasonable range.

      a.    Hourly rates.

The hourly rates for the firms of Plaintiff's counsel are well within the range of what is reasonable and appropriate in this market. *See* Soumilas Decl., Ex. B (Oct. 18, 2022 expert report

10

of Abraham C. Reich, Esquire, Co-Chair and Partner for the law firm of Fox Rothschild, LP). The hourly rates for the attorneys are the same as the regular current rates charged for their services in their standard non-class matters, including both contingent and non-contingent matters. There has not been any alteration or deviation from the firm's hourly rates to account for the added complexity or increased risk factor of this action. The attorneys concentrate their practice in the area of consumer protection litigation.

The hourly rates are within the range charged by attorneys with comparable experience levels for consumer class action litigation of a similar nature. *See Flores v. Express Servs., Inc.*, No. CV 14-3298, 2017 WL 1177098, at *3 (E.D. Pa. Mar. 30, 2017) (analyzing similar fee request); *Sapp v. Experian Info. Sols., Inc.*, No. Civ. 10-4312, 2013 WL 2130956 (E.D. Pa. May 15, 2013) (awarding fee request in full); *Chakejian v. Equifax Info. Servs.*, LLC, 275 F.R.D. 201, 216-20 (E.D. Pa. 2011) (awarding request in full); *Barel v. Bank of Am.*, 255 F.R.D. 393, 403-04 (E.D. Pa. 2009) (awarding 1.35 multiplier of lodestar). *See also Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-2624 (ECF 56) (E.D. Pa. Jan. 20, 2015) (order granting fee request in full); *Robinson v. General Info. Servs., Inc.*, No. 2:11-cv-07782-PBT (ECF 57) (E.D. Pa. Nov. 4, 2014) (order granting fee request in full, approving hourly rates); *King v. General Info. Servs., Inc.*, No. 2:10-cv-06850-PBT, ECF 126 (E.D. Pa. Nov. 4, 2014) (same and including 1.38 multiplier of lodestar). The history and biography of Class Counsel are attached as Exhibit A to the Soumilas Declaration.

      b.    Hours expended.

Class Counsel attorneys, paralegals, and staff who worked on this case all kept detailed, time records of tasks completed, the date the work was completed, and specifying the nature of the work. Soumilas Decl. at ¶¶ 13-18. Class Counsel also submitted detailed charts that provide a

description of the task performed, the attorney performing the work, the amount of time spent, and the hourly rate charged for the tasks. *Id.* Included in these records are reasonable, albeit conservative, estimates of the time expected to be spent on the case after the date of this Motion, including time answering Class Members' questions and supervising the continuing work of the Settlement Administrator.

This submission readily meets this Circuit's requirement of the degree of specificity required. Counsel's submission also meets the requirements for a statutory fee-shifting award. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (specificity required to extent necessary to determine if the hours claimed are unreasonable for the work performed). *Stevens v. SEI Investments Co.*, No. CV 18-4205, 2020 WL 996418, at *12 (E.D. Pa. Feb. 28, 2020) ("The Court need not receive or review actual billing records when conducting [a lodestar cross-check] analysis"). There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Soumilas Declaration also sets forth the basis for the division of labor among the attorneys and paralegals in an efficient manner. *See* Soumilas Decl. at ¶¶ 13-18. All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiff and the Settlement Class. Fees should not be reduced simply because a plaintiff may not have been successful on every contention in the litigation. *Id*. at 436.

Class Counsel expended at a total of over 3,000 hours in prosecuting this action to a successful completion. Soumilas Decl. at ¶¶ 13-22. This amount is reasonable given the length and complexity of this litigation.

The fact that Class Counsel seek to recover a lodestar multiplier of approximately 1.2 in their fee request further demonstrates that the request is reasonable. *See Pfeifer*, 2018 WL

4203880, at *14 (finding a lodestar multiplier of 2.7 to be "well within the range of reasonableness"); *Martin v. Foster Wheeler Energy* Corp., No. 3:06-CV-0878, 2008 WL 906472, at *8 (M.D. Pa. Mar. 31, 2008) ("Lodestar multiples of less than four (4) are well within the range awarded by district courts in the Third Circuit" and awarding 30% where the lodestar multiplier was 2.17); *Meijer, Inc. v. 3M*, No. CIV.A. 04-5871, 2006 WL 2382718, at *24 (E.D. Pa. Aug. 14, 2006) (finding "the requested lodestar multiplier of 4.77 is acceptable"); *In re Aetna Inc.*, No. CIV. A. MDL 1219, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) (awarding 3.6 multiplier); *In re Cendant*, 243 F.3d at 742 (acceptable multipliers "range from 1.35 to 2.99").

FCRA common fund cases are no different. *See Flores v. Express Services Inc.*, 2017 WL 1177098, at *3 (E.D. Pa. Mar. 29, 2017) (Bartle, J.) (noting that cross-check yielded a 4.6 multiplier, which was found to be reasonable); *see also Barel v. Bank of Am.*, 255 F.R.D. 393, 403-04 (E.D. Pa. 2009) (awarding 1.35 multiplier of lodestar).

Accordingly, this Court should approve an award of $2,116,666.67 for Class Counsel's representation of the class. Given the fact that this figure is inclusive of over $60,000 of litigation expenses, *see infra*, the request is actually slightly less than one-third (32.3%) and thus stands out as being even more reasonable.

C. **Class Counsel's Expenses Are Reasonable and Should Be Reimbursed**

Class Counsel's efforts achieved substantial results for the class. In so doing, Class Counsel incurred out-of-pocket expenses for which they have not been reimbursed, to wit: $63,313.22 in in litigation expenses, for filing, discovery, travel, expert expenses, mediator expenses and other related expenses. *See* Soumilas Decl. at ¶¶ 19-22, Exs. D, E. Here, Class Counsel seek reimbursement of these expenses in accordance with the parties' settlement agreement. *See* ECF 147-2 at § 5.3. Class Counsel's costs are reasonable in light of the nature of this action and the tasks that needed to be performed. *See Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577,

583 (9th Cir. 2010) (courts may award non-taxable costs as part of the attorney's fee award in an FCRA case). The $63,313.22 sum is included within the $2,116,666.67 requested herein. *See* ECF 147-2 at § 5.3.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the instant motion and enter the proposed Order filed herewith.

DATED: February 3, 2023

Respectfully submitted,

PATRICIA MCINTYRE, *by her attorneys*,

*/s/John Soumilas*
James A. Francis, Esq.
John Soumilas, Esq.
Lauren KW Brennan, Esq.
Jordan M. Sartell, Esq. (admitted *pro hac vice*)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(T) 215-735-8600
(F) 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com
jsartell@consumerlawfirm.com